UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:25-mj-06041 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Carmen E. Henderson |
| DAVID POYSSICK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION AND ORDER

The United States seeks to revoke the Magistrate Judge's orders of March 19, 2025 granting bond and setting conditions of release. Effectively, this motion seeks review of the Magistrate Judge's orders.

## ANALYSIS

District courts review a magistrate judge's release or detention order de novo. *United States v. Tripplett*, No. 1:19-cr-700, 2020 WL 6702118, at *1 (N.D. Ohio Nov. 13, 2020) (citing *United States v. Alexander*, 742 F. Supp. 421, 423 (N.D. Ohio 1990)). On review, the district court engages "in the same analysis, with the same options, under § 3142 as the magistrate judge." *United States v. Yamini*, 91 F. Supp. 2d 1125, 1129 (S.D. Ohio 2000) (citing *United States v. Maull*, 773 F.2d 1479, 1482 (8th Cir. 1985)).

Under the Bail Reform Act, "a defendant may be detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person

and the community[.]'" *United States v. Stone*, 608 F.3d 939, 947 (6th Cir. 2010) (quoting 18 U.S.C. § 3142(e)). Accordingly, consistent with the Constitution's protection of liberty and the presumption of innocence, federal law favors release.

The United States bears the burden of proving that detention is warranted. To carry its burden, the United States must prove either (1) by a preponderance of the evidence, that Mr. Poyssick poses a risk of flight, *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004); or (2) by clear and convincing evidence, that he poses a risk to the safety of others and the community, *Stone,* 608 F.3d at 946 (citing 18 U.S.C. § 3142(f)(2)(B)).

## I.     Risk of Flight and Safety of Others

Although Mr. Poyssick has a history of failing to appear for court proceedings as recently as 2023 (*see* ECF No. 14, PageID #67), and apparently of fleeing from police as recently as 2024, the United States directs its primary argument to the safety of the community. So, the Court focuses its attention there and to its higher standard.

In this case, the criminal complaint alleges that Mr. Poyssick is a felon in possession of ammunition despite having a prior misdemeanor conviction for domestic violence. In a sense, this is a non-violent offense. Mr. Poyssick has not actually committed a violent offense in connection with the events in the record leading to the allegations in the criminal complaint. There is concern that

2

Mr. Poyssick might use a firearm to commit an act violence, but the specific offense at issue is non-violent—possession of a firearm or ammunition despite his record.

Therefore, the focus is on whether the United States carries its burden by clear and convincing evidence that Mr. Poyssick poses a risk to the safety of any person or the community. Clear and convincing evidence requires a firm belief or abiding conviction that what is alleged is highly probable. *Kelley v. Apria Healthcare, LLC*, 232 F. Supp. 3d 983, 1003 (E.D. Tenn. 2017); *Automotive Techs. Int'l., Inc. v. Delphi Corp.*, 776 F. Supp. 2d 469, 477 (E.D. Mich. 2011); *Cooney v. Bob Evans Farms, Inc.*, 645 F. Supp. 2d 620, 629 (E.D. Mich. 2009); *In re Bowling*, 314 B.R. 127, 135 (S.D. Ohio 2004).

On these facts, the Court finds that the United States carries its burden based on one important fact in the record—Mr. Poyssick's Facebook post on March 14, 2025. The Court appreciates that this post comes in the context of a bitter and hard fought custody dispute. And much of its language must be read with that in mind. In that context, he is simply telling his children that he will fight hard to gain custody and he does not wish these sorts of things on anyone. But the last sentence, which reads: "Before the last breath I breath they are all gonna fucking pay" (ECF No. 12, PageID #46), is a threat to someone. It does not much matter who. And the additional Facebook post that the government references today provides additional context confirming the risk to the safety of law enforcement, child welfare workers, or others in the community.

## II. The Factors Under Section 3142

In determining whether there are conditions of release that will reasonably assure Mr. Poyssick's appearance and the safety of others and the community, the Court reviews the record in light of the factors listed in 18 U.S.C. § 3142(g): (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." To order detention under Section 3142(e) requires proof by clear and convincing evidence. 18 U.S.C. § 3142(f); *Yamini*, 91 F. Supp. 2d at 1127.

### II.A. Nature and Circumstances of the Offense Charged

The first factor considers whether the offense charged is a crime of violence, has a minor victim, or involves a controlled substance. 18 U.S.C. § 3142(g)(1). As already discussed, this offense does not involve a crime of violence. Nor does it carry a presumption of detention. If the United States decides to charge Mr. Poyssick with a drug offense, that charge would carry such a presumption. But because no such charge has yet been brought, the Court does not consider it. Accordingly, this factor favors release.

### II.B. Weight of the Evidence

"This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt" and is not a pretrial determination of guilt.

4

*Stone*, 608 F.3d at 948. Mr. Poyssick has an extensive history of dangerousness, reflected in the report from Pretrial Services showing a history of domestic violence incidents and charges with evidence of physical harm to the victims. Some of these incidents occurred in the presence of children or involved a pregnant woman. However, that history ends in 2016, almost ten years ago. Therefore, it carries little weight, in the Court's view.

As noted, the evidence of dangerousness in this case appears on the face of the Facebook post. And it shows, and the Court finds by clear and convincing evidence, that Mr. Poyssick presents a risk to the safety of the community. Together with the other evidence in the record, this factor weighs in favor of detention.

### II.C. History and Characteristics of the Person

The history and characteristics of a defendant include "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A). Additionally, they include whether the defendant was on probation or parole at the time he committed the offense. *Id.* § 3142(g)(3)(B).

Mr. Poyssick suffers from heart failure, a diagnosis that appears to have changed his life about a decade ago—at least until the events leading us here today. He does have family ties in the Youngstown area. Although the record suggests that

5

Mr. Poyssick might be involved in drug activity, he shared the house in which he lived with another person, who is a drug addict, leaving a question whether he is responsible for them. Therefore, the Court gives Mr. Poyssick the benefit of the doubt, consistent with the presumption of innocence. Doing so shows that Mr. Poyssick has the potential to be a peaceful and generally law-abiding member of the community. Overall, this factor is neutral or slightly favors Mr. Poyssick.

### II.D. Nature and Seriousness of the Danger Release Poses

Under 18 U.S.C. § 3142(g)(4), the Court must consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." Domestic disputes can be incredibly heated and emotional. The headlines are filled with incidents of violence resulting from legal proceedings involving them. In this case, Mr. Poyssick has access to firearms despite a prohibition in federal law against his possession of them. Moreover, he has access to serious narcotics. Those are a volatile combination that present a serious risk to the safety of the community from release. And Mr. Poyssick's emotions have already boiled over to the point of making a threatening Facebook post. Further, it is very concerning that law enforcement has yet to recover the gun referenced in the affidavit in support of the criminal complaint. Placing weapons of that type in the community, potentially in the hands of those who should not have them, presents a serious danger to the community.

In addition, Mr. Poyssick's jail call on March 14, 2025 raises the very real risk that Mr. Poyssick will attempt to destroy evidence or otherwise interfere with witnesses or evidence in the case against him or a family member.

## CONCLUSION

On balance, the factors under Section 3142, considered individually and collectively, weigh in favor of detention—even before considering the new evidence extracted from Mr. Poyssick's cellphone. Accordingly, the Court finds that the United States has carried its burden of so proving by clear and convincing evidence. The Court finds that there is no condition or combination of conditions that will ensure the safety of any person or the community.

Dated: March 24, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio